PER CURIAM.
By this interlocutory appeal the former husband of the appellee seeks reversal of post decretal orders that increased the amount of child support and maintenance beyond that which was agreed upon by the parties and incorporated in the final decree of divorce.
The orders complained of were entered by a circuit judge who is the successor to the deceased judge who entered the original decree.
It is appellant’s contention that the property settlement agreement incorporated in the final decree of divorce precludes the plaintiff from obtaining additional support for the children at this time as the wife has a net worth of $50,000.00 and an annual income of $7,000.00. The defendant argued that the plaintiff should expend the monies obtained by her under the property settlement agreement before she can ssek monies from the defendant. It was further argued that the successor judge was without power to modify the deceased judge’s final decree. The chancellor disagreed with appellant’s contentions, and entered orders modifying the original decree by increasing the allowance for child support to meet the increased needs of the children.
We have carefully considered the points on appeal in the light of the record and the applicable principles of law. We find no reversible error, and therefore the orders appealed are affirmed.
Affirmed.